Opinion issued January 29, 2009 















In The

Court of Appeals

For The

First District of Texas






NO. 01-07-00844-CV

__________


ALI YAZDCHI, AS INDEPENDENT EXECUTOR OF THE ESTATE OF
ABBAS YAZDCHI, AND HABIBOLAH YAZDCHI, Appellants


V.


R. P. CORNELIUS, Appellee






On Appeal from the 80th District Court

Harris County, Texas

Trial Court Cause No. 2004-19241






MEMORANDUM OPINION

 Appellant, Ali Yazdchi, (1) as independent executor of the estate of Abbas
Yazdchi, (2) challenges the trial court's order granting summary judgment in favor of 
appellee, R.P. Cornelius, on Yazdchi's claims against Cornelius for conversion,
negligence, breach of contract, breach of fiduciary duty, and legal malpractice, and
the trial court's subsequent order dismissing Yazdchi's fraud claim against Cornelius. 
In five issues, Ali Yazdchi, who proceeds pro se on appeal, contends that the trial
court erred in granting Cornelius "summary judgment when there is a genuine dispute
on one essential fact" and Cornelius's motion to dismiss Abbas Yazdchi's claim
"because [he] was dead and there was nobody to represent him." 

 We affirm. 

Factual and Procedural Background

 In their petition, Abbas, Habibolah, and Ahmad Yazdchi alleged that Cornelius
had stolen $160,000 from them, and they asserted claims for conversion, negligence,
fraud, breach of contract, breach of fiduciary duty, and legal malpractice. Cornelius
filed an answer, in which he explained that the Yazdchis' suit arose out of his legal
representation of Ali Yazdchi, who is Habibolah's son and Abbas and Ahmad's
brother, "in numerous criminal matters that were resolved in November 2000." 
Cornelius asserted a general denial and a number of affirmative defenses, including
limitations, and also filed special exceptions to the Yazdchis' petition. 

 As reflected by a transcript contained in the clerk's record, at an April 17, 2006
hearing on a motion to withdraw filed by the Yazdchis' former attorney, Michael
O'Connor, O'Connor stated that he represented all of the Yazdchis in the suit and
wanted to withdraw from further representation. Ali Yazdchi, who was not a named
plaintiff in the underlying suit, was the only Yazdchi to appear at the hearing, and, at
the hearing, Ali Yazdchi informed the trial court that Abbas Yazdchi had died and
that he was acting as the executor of Abbas Yazdchi's estate. O'Connor did not
challenge this assertion. Ali Yazdchi, in his alleged capacity as independent
executor, then requested that the trial court provide him with additional time,
presumably to obtain counsel to represent him in his alleged capacity as independent
executor. The trial court granted Ali Yazdchi additional time to arrange for counsel.
The trial court specifically advised Ali Yazdchi that it would be to his benefit, and the
benefit of all of the Yazdchi plaintiffs, for him to hire new counsel rather than
proceed pro se. The trial court explained that it was "bend[ing] over backwards" to
give the Yazdchis the opportunity to obtain legal counsel and stated that it would
reconsider O'Connor's motion to withdraw on May 15, 2006, at which time the
Yazdchis would become unrepresented by counsel if they failed to obtain new
counsel. (3) The record reveals that neither Habibolah nor Ahmad Yazdchi appeared at
this hearing or any other hearing subsequently held in the trial court.

 On May 12, 2006, Cornelius filed a summary judgment motion, challenging all
of the Yazdchis' claims. In an affidavit attached to his summary judgment motion,
Cornelius testified that from 1985 to 2000 he had represented Ali Yazdchi in
"numerous criminal proceedings," he had never met or heard of Ahmad Yazdchi, and,
sometime in the early 1990's, he had said hello to Habibolah Yazdchi on two
occasions, but had never represented him or entered into a written agreement with
him. Cornelius had been introduced to Abbas Yazdchi eighteen years before and,
sometime during 1999 to 2000, he had received a telephone call from someone
claiming to be Abbas Yazdchi, but he had not represented Abbas Yazdchi or entered
into a written agreement with him. Cornelius also presented multiple arguments as
to why the Yazdchis' claims failed as a matter of law. Cornelius argued that the
conversion, negligence, and legal malpractice claims failed as a matter of law based
upon his limitations defense, the fraud claims failed as a matter of law because he had
made no representations to the Yazdchis, the breach of contract claim failed as a
matter of law because he had no contract with the Yazdchis, the unjust enrichment
claims failed as a matter of law because he had no relationship or dealings with the
Yazdchis, and the breach of fiduciary duty claims failed as a matter of law because
he was not in a fiduciary relationship with the Yazdchis. 

 On June 6, 2006, the Yazdchis filed a response to Cornelius's summary
judgment motion, in which "Abbas Yazdchi request[ed] to transfer this case to
probate court case # 364333 court #2 because of his death." Ali Yazdchi signed the
response "Abbas Yazdchi, Ali executor." Other than the unsupported request to
transfer the case, the response contained no discussion, argument, authority, or
evidence in support of a transfer to a pending probate proceeding. 

 The trial court, on September 5, 2006, granted Cornelius summary judgment
on all of Ahmad Yazdchi's claims, on all of Abbas Yazdchi's claims except fraud,
and on all of Habibolah Yazdchi's claims except fraud, breach of contract, and unjust
enrichment. Cornelius subsequently moved to dismiss Abbas Yazdchi's claim,
asserting that although Ali Yazdchi had represented to the court that he was pursuing
Abbas Yazdchi's remaining fraud claim as executor, Ali Yazdchi had no standing and
authority to do so. The trial court, on June 4, 2007, attempted to conduct a trial on
the merits of the remaining claims, and attorney William Ryan announced that he was
appearing to represent Habibolah Yazdchi, although Habibolah did not appear in
person at trial. In accordance with his previously filed motion to dismiss, Cornelius
then asked the trial court to dismiss Abbas Yazdchi's claim "based on the fact that Ali
Yazdchi does not have standing to move forward . . . because he does not have the
authority vested in him by the order of the probate court." After the trial court
inquired as to whether Ryan had any objection, to which he stated he did not, Ali
Yazdchi, who also appeared at trial, did not voice any objection to the dismissal on
the record. The case then proceeded to trial on the remaining claims of Habibolah
Yazdchi. In support of these claims, Ryan presented the testimony only of Ali
Yazdchi. During Ali Yazdchi's testimony, the trial court granted a directed verdict
in favor of Cornelius on all remaining claims. 

 On June 29, 2007, the trial court signed a final judgment, in which it recited
that it had previously granted summary judgment in part and that the only remaining
claims after summary judgment were Abbas Yazdchi's fraud claim and Habibolah 
Yazdchi's fraud, breach of contract, and unjust enrichment claims. The trial court
further recited that it had dismissed Abbas Yazdchi's remaining claim on June 4,
2007. The trial court then rendered judgment in Cornelius's favor on Habibolah
Yazdchi's claims.

 On July 29, 2007, Abbas and Habibolah Yazdchi filed a motion for new trial 
"and to transfer the deceased case to probate court for further proceedings since a
probate proceeding has been opened and is pending and probate court has jurisdiction
over this case." In this document, Ali Yazdchi argued that the trial court should set
aside its dismissal of Abbas Yazdchi's fraud claim and transfer it to the probate court
because Abbas did not have an independent executor at the time of trial, Ali Yazdchi
had obtained "newly discovered evidence" in the form of a June 28, 2007 order from
a probate court appointing him as independent executor, and he needed time to hire
an attorney to pursue Abbas Yazdchi's claim. Attached to this motion were letters
testamentary stating that, on June 28, 2007, Ali Yazdchi had been appointed as
independent executor of Abbas Yazdchi's last will and testament. Also attached to
the motion was a June 28, 2007 order "admitting will to probate and authorizing
letters testamentary." 

 The new trial motion was overruled by operation of law. Nevertheless,
Cornelius subsequently filed a response to the Yazdchis' new trial motion, in which
he asserted that the Yazdchis failed to provide any evidence that the discovery of this
alleged new evidence was not the result of their failure to exercise diligence. 
Cornelius noted that the Yazdchis knew of Abbas Yazdchi's death more than one year
before trial and that, at trial, Ali Yazdchi recognized that he did not have the authority
to act on behalf of Abbas Yazdchi's estate. 

Analysis

 In five issues, Abbas Yazdchi argues that the trial court erred in granting
Cornelius's motion to dismiss Abbas Yazdchi's claim "because [he] was dead and
there was nobody to represent him" and in granting summary judgment because fact
issues remained. 

 First, we note that although the notice of appeal identifies appellants as Abbas
and Habibolah Yazdchi, the cover of appellant's brief identifies the only appellant as
Abbas Yazdchi. Also, the only specific arguments in the brief relate solely to the
remaining fraud claim of Abbas Yazdchi. In a reply brief, Ali Yazdchi states that he
is the only appellant in this case. Accordingly, we limit our review to the trial court's
rulings regarding Abbas Yazdchi's claim.

 Second, although Ali Yazdchi, in his briefing to this Court, includes in his
issues presented a general complaint regarding the trial court's summary judgment
rulings, in his argument he provides no authority or argument relevant to the trial
court's granting of summary judgment in favor of Cornelius on all of Abbas
Yazdchi's claims other than his fraud claim. Accordingly, we hold that, to the extent
that Ali Yazdchi seeks to appeal the trial court's granting of summary judgment in
favor of Cornelius, he has waived any such appeal. (4) See Tex. R. App. P. 38.1(h).
Moreover, Ali Yazdchi does not in any way address the specific grounds for summary
judgment set forth in Cornelius's motion or the evidence presented in support of the
motion. See Wilchester West Concerned Homeowners LDEF, Inc. v. Wilchester West
Fund, Inc., 177 S.W.3d 552, 562 (Tex. App.--Houston [1st Dist.] 2005, pet. denied)
(citing Star-Telegram, Inc. v. Doe, 915 S.W.2d 471, 473 (Tex. 1995) (stating that
"non-movant is required to show that each ground alleged in the motion for summary
judgment was insufficient to support summary judgment")). Thus, even if Ali
Yazdchi had addressed one of the grounds presented in Cornelius's summary
judgment motion, we would be required to affirm the summary judgment on the other
grounds not addressed on appeal by Ali Yazdchi. See id. 

 The only remaining issue on appeal for us to address, to the extent possible, is
Ali Yazdchi's argument that the trial court erred in dismissing Abbas Yazdchi's fraud
claim because Abbas Yazdchi was deceased and that, as a result, the trial court was
required to transfer this claim to a pending probate proceeding. 

 Ali Yazdchi does not provide a clear, comprehensible argument in his appellate
brief or reply brief as to why the trial court was required to transfer the case based
upon the information or arguments before it at the time of the dismissal. Ali Yazdchi
also does not in any way address the statements at trial by Ryan, Habibolah Yazdchi's
attorney, that he had no objection to the dismissal of Abbas Yazdchi's claim or the
fact that Ali Yazdchi, who was the only Yazdchi who was present with Ryan on the
day of trial, also made no objection to Cornelius's motion to dismiss Abbas Yazdchi's
claim. Most significantly, Ali Yazdchi does not address his prior representations to
the trial court that he had, in fact, already been appointed as independent executor for
Abbas Yazdchi by the time of trial.

 Construing the briefing rules liberally, we have independently examined the
record before us in an effort to understand Ali Yazdchi's arguments. See Tex. R.
App. P. 38.9. Unfortunately, the record, like Ali Yazdchi's briefing, provides little
information as to the exact circumstances of the parties at the time of the dismissal. 
 The record does show that the trial court was faced with contradictory
assertions by Ali Yazdchi as to how to proceed on Abbas Yazdchi's claim. It is
undisputed that, at the time of the dismissal, Abbas Yazdchi was deceased, although
the parties do not provide the exact date of his death or cite to any record evidence
revealing this date. As to whether the trial court was even aware of Ali Yazdchi's
argument, now presented on appeal, that the trial court was required by law to
transfer Abbas Yazdchi's claim, the record shows that, prior to the dismissal, at an
April 2006 oral hearing, Ali Yazdchi represented to the trial court that he was seeking
to continue Abbas Yazdchi's claims in his capacity as independent executor and that
he was in the process of obtaining counsel to continue prosecuting the claim. (5) Thus,
the record can be fairly interpreted to reflect that, at this time, Ali Yazdchi was taking
the position that the claim should be continued in the trial court, and he never asserted
that the trial court was required to transfer the case to a probate court. 

 Subsequently, in the caption of the Yazdchis' summary judgment response, Ali
Yazdchi, in his alleged capacity as executor, did include a request that Abbas
Yazdchi's case be transferred to a specific probate cause number. However, he did
not provide the trial court with any authority in support of his assertion and his
response was devoid of any additional discussion or argument regarding a pending
probate proceeding or Ali Yazdchi's alleged status as independent executor for Abbas
Yazdchi. There was also nothing in his response informing the trial court that Ali
Yazdchi contended a transfer at that time was required by law. 

 More importantly, at the June 4, 2007 trial, when the trial court considered
Cornelius's motion to dismiss Abbas Yazdchi's claim, the only attorney present for
any of the Yazdchis, William Ryan, stated that he had no objection to the dismissal. 
Ali Yazdchi, who was present and who had previously claimed to represent Abbas
Yazdchi in his capacity as independent executor, did not say anything to indicate his
objection to the dismissal, his disavowal of his prior claims, or his desire to continue
Abbas Yazdchi's claims. Although there is nothing in the record to show that Ali
Yazdchi was formally making an appearance as the claimed executor, there is also
nothing to show that he had disavowed his prior claim to the trial court that he was
Abbas Yazdchi's independent executor or was entitled to represent him in the
prosecution of his remaining claim. Thereafter, Ryan presented Ali Yazdchi as his
only fact witness in support of Habibolah Yazdchi's claims. Only after the trial court
had signed its final judgment dismissing all of the Yazdchis' claims did Ali Yazdchi,
in his new trial motion, finally argue that the trial court was required to transfer,
rather than dismiss, Abbas Yazdchi's case. 

 We conclude that Ali Yazdchi has waived his argument that the trial court was
required to transfer Abbas Yazdchi's case to a pending probate proceeding. (6) See Tex.
R. App. P. 33.1. 

 We overrule Ali Yazdchi's five issues. 


Conclusion


 We affirm the judgment of the trial court.



 Terry Jennings

 Justice


Panel consists of Justices Jennings, Hanks, and Bland.

1. We note that, in each of the following appeals brought by Ali Yazdchi, the trial
courts' judgments have been affirmed or the appeals brought by Ali Yazdchi have
been dismissed. Yazdchi v. Nexcess Motorcars, No. 01-07-00185-CV, 2007 WL
1844901 (Tex. App.--Houston [1st Dist.] June 28, 2007, no pet.) (mem. op.); Yazdchi
v. Allstate Ins. Co., No. 01-05-00327-CV, 2007 WL 1152983 (Tex. App.--Houston
[1st Dist.] Apr. 19, 2007, no pet.) (mem. op.); Yazdchi v. Am. Honda Fin. Corp., No.
05-10479, 2007 WL 464705 (5th Cir. Feb. 6, 2007); Auto v. Travelers Ins. Co., No.
01-05-00327-CV, 2006 WL 2893324 (Tex. App.--Houston [1st Dist.] Oct. 12, 2006,
no pet.) (mem. op.); Yazdchi v. S. County Mut. Ins. Co., No. 11-06-00166-CV, 2006
WL 2253940 (Tex. App.--Eastland Aug. 3, 2006, no pet.) (mem. op.); Yazdchi v. Am.
Nat'l Prop. and Cas. Co., No. 01-05-00750-CV, 2005 WL 3454142 (Tex.
App.--Houston [1st Dist.] Dec. 15, 2005, no pet.) (mem. op.); Yazdchi v. Citicorp
Credit Serv., Inc., No. 01-05-00740-CV, 2005 WL 2989699 (Tex. App.--Houston
[1st Dist.] Nov. 3, 2005, no pet.) (mem. op.); Yazdchi v. State, No. 14-04-00500-CV,
2005 WL 2149416 (Tex. App.--Houston [14th Dist.] Sept. 8, 2005, no pet.) (mem.
op.); Yazdchi v. Am. Arb. Ass'n, No. 01-04-00149-CV, 2005 WL 375288 (Tex.
App.--Houston [1st Dist.] Feb. 17, 2005, no pet.) (mem. op.); Yazdchi v. Bennett Law
Firm, P.C., No. 14-01-00928-CV, 2002 WL 1163568 (Tex. App.--Houston [14th
Dist.] May 30, 2002, no pet.) (not designated for publication); Bouja v. State, No. 14-00-00072-CV, 2000 WL 674850 (Tex. App.--Houston [14th Dist.] May 25, 2000, no
pet.) (not designated for publication); Yazdchi v. City of Houston, No. 14-98-01296-CV, 1999 WL 219381 (Tex. App.--Houston [14th Dist.] Apr. 15, 1999, no pet.) (not
designated for publication). 
2. As will be discussed in more depth below, it is undisputed that Abbas Yazdchi died
during the underlying trial court proceedings. Ali Yazdchi is attempting to bring this
appeal in his capacity as independent executor of the estate of Abbas Yazdchi. Also,
Ali Yazdchi states in his briefing that he is the only appellant in this matter, and
Habibolah Yazdchi has not filed anything with this Court indicating that he desires
to proceed in this appeal. Although we refer to Ali Yazdchi as appellant in his alleged
capacity as independent executor for the estate of Abbas Yazdchi, this opinion should
not be considered as establishing that he is in fact the independent executor of the
estate of Abbas Yazdchi. 
3. The trial court asked Ali Yazdchi whether Habibolah and Ahmad Yazdchi, the
remaining plaintiffs, were even aware of the status of the case. Ali Yazdchi stated
that they were not because they lived in Iran and that it was difficult to get in touch
with them. Ali Yazdchi then stated that Habibolah was ill and Ali Yazdchi was going
to tell him about the motion to withdraw once his health improved. However, upon
the trial court's questioning, Ali Yazdchi agreed that O'Connor had sent proper
notices to all of the Yazdchis to notify them of his desire to withdraw. Ali Yazdchi
then conceded that, although the other Yazdchi plaintiffs lived in Iran, the only given
address for all of them was the same address used by Ali Yazdchi. 
4. Morever, we note that there is no allegation or complaint in Yazdchi's briefing to this
Court or in the Yazdchis' filings with the trial court that the trial court erred in
granting summary judgment on all of Abbas Yazdchi's claims, other than his fraud
claim, on the ground that Abbas Yazdchi was deceased at the time of the summary
judgment proceedings or the trial court's summary judgment ruling. We also note that
Ali Yazdchi appears not to understand the effect of the trial court's summary
judgment ruling, as he asserts in his brief that the trial court granted summary
judgment in favor of Abbas Yazdchi on his fraud claim. 
5. The record indicates that, despite the trial court's admonitions, Ali Yazdchi did not
obtain counsel to represent him in his capacity as independent executor. 
6. We note that the record also contains a "Decree on Muniment of Title," dated June
26, 2006, from the same probate court that subsequently issued the letters
testamentary. Ali Yazdchi does not address the legal effect of this document, but it
appears that Ali Yazdchi initially sought to represent the interests of Abbas Yazdchi
based upon this document.


 In a reply brief, Ali Yazdchi appears to contend that the trial court did not allow him,
in his capacity as independent executor, to be present at the June 4, 2007 trial. 
However, nothing in the record indicates that the trial court deprived Ali Yazdchi of
the opportunity to be present in this capacity or that it somehow precluded him from
objecting to Cornelius's motion to dismiss. The record does show that the trial court
asked Ryan, the only attorney for any of the Yazdchis at the hearing, if he had any
objection to the motion to dismiss, and he stated that he had no objection. Although
Ryan did not appear to claim to represent Ali Yazdchi, Ryan represented Habibolah
Yazdchi, the father of Abbas Yazdchi, and Ali Yazdchi was present at the trial.